71 So.2d 548

**STATE FARM MUT. AUTO. INS. CO.**

v.

**OTT.**

**STATE FARM MUT. AUTO. INS. CO.**

v.

**MONTGOMERY.**

No. 41249.

Feb. 15, 1954.

Rehearing Denied March 22, 1954.

Normann & Normann, New Orleans, for plaintiff-appellee.

Henry B. Curtis, City Atty., Louis B. Porterie, New Orleans, for defendants-appellants.

HAWTHORNE, Justice.

Plaintiff, State Farm Mutual Automobile Insurance Company, instituted two suits, one against the State of Louisiana and one against the City of New Orleans, seeking to recover from the State $191.70 and from the City $481.81, which are the amounts of certain ad valorem taxes paid under protest by plaintiff to the respective defendants. These suits were consolidated in the trial court, and that court rendered judgments for plaintiff as prayed for. The Court of Appeal for the Parish of Orleans affirmed these judgments, and the cases are now before us under a writ of review.

Plaintiff is a foreign automobile insurance company, authorized to do and doing business in the State of Louisiana. The taxes which it seeks to recover were levied under an assessment by each defendant against it of "credits" under the provisions of Act No. 170 of 1898, as amended by Act No. 109 of the Extra Session of 1921, R.S. 47:1701, 1702. The State and the City take the position that the plaintiff insurance company writes automobile liability insurance policies in this state for which it does not collect in advance the full premium as set forth in the policy but extends credit to its policyholders, and that this credit is subject to assessment. Plaintiff on the other hand contends that its entire business is done on a cash basis, that no credit is ever extended to its insureds, and that the defendants have erroneously assessed taxes against it on the assumption and in the belief that it does extend credit to its policyholders. Plaintiff does not contend that the taxes levied against it by the defendants have been improperly computed; its entire defense against the assessments is that it owns no property on which a credit assessment could be made.

Plaintiff issues its automobile liability insurance policy to a policyholder for an initial period of six months, which is the

standard term for all its policies, and according to the policy it may be renewed "for such terms of six calendar months each thereafter as the required renewal premium is paid by the insured on or before expiration of the current term and accepted by the company". The insurance company issues only one policy which the insured retains as long as he owns the automobile described therein provided he pays in advance the premiums stipulated in the policy for renewals. The premium due for each coverage, such as bodily injury liability, property damage liability, etc., is set forth in the policy and is computed on a six months' basis. According to the record the plaintiff in issuing a new insurance policy customarily requires the insured to pay the full six months' premium in advance. This custom, however, is not followed in all cases, and, if for some reason a new policyholder is not able to pay the full six months' premium, the company will accept one-third thereof and issue the policy, with the remainder due before the end of 60 days. For example, if the total six months' premium is $30, the company will accept $10, and the balance of $20 must be paid within 60 days, or the policy will be cancelled.

It is the contention of the insurance company that in such a case its agent accepts from the insured an amount less than the total premium but sufficient to cover a period which in no case can be less than 60 days; that, prior to the expiration of the specified period of coverage for which the insured has paid in advance, he must pay the remainder of the premium, and, if this is not so paid, his insurance is cancelled. Thus, under the example given, where the total six months' premium is, say, $30, an insured upon paying $10 would be insured for a period of 60 days, and prior to the expiration of the 60-day period he would have to pay the remaining portion due for the six months' period, or his policy would be cancelled.

Plaintiff argues that under this state of facts it is not extending credit because it cancels the policy if the deferred portion of the premium is not paid before the expiration of the period allowed for deferred payment, so that the insured is never covered by insurance for which he has not paid, and that accordingly the insured is never indebted to the company, and the company extends no credit to the insured.

This argument is not sound. By the very terms of the policy issued, the insurance company obligates itself to insure for a term of six months, and upon issuance of the policy there is a corresponding obligation of the insured to pay the premium for that six months' insurance coverage. When the insurer defers a part of the premium payment, it has extended credit, and the plaintiff here is urging nothing more than that its custom and practice not to enforce the legal obligation, but to cancel the policy when payment is not forthcoming for the deferred part of the premium, prevents an extension of credit.

Officials of the insurance company testified that, in all cases where the deferred portion of the premium was not timely paid, the policy was cancelled. However, since the policy on its face is issued for a term of six months, the insurance company could choose not to cancel the policy when the deferred payment is not met and allow it to remain in full force and effect. The company could sue to enforce the payment of the unpaid portion of the six months' premium, and the insured would have to pay under its contractual obligation in the policy. There is no provision in the policy, wherein the obligation between the insurer and the insured is contained, which permits the insured to pay less than the full six months' premium and gives him the choice of paying or not paying the remainder. By the issuance of the policy, therefore, an obligation of the insured for the amount of the premium is created which can be enforced by the insurer, and the fact that in practice the insurance company chooses to cancel the policy rather than to enforce the deferred portion of the obligation in order to protect itself against loss on its credit transaction cannot change the legal effect of the transaction as a credit one.

Plaintiff-respondent, the insurance company, in support of its position that it does not extend credit to its policyholders, cites and relies on the case of Kansas City Life Ins. Company v. Hammett, 177 La. 930, 149 So. 525. That case does not support plaintiff's contention, but on the contrary is au-thority for the conclusions we have reached herein. In that case the court made it clear that the test of whether there is credit is: Has the insured obligated himself to pay, and has the insurance company a legal claim against him for payment? As we have pointed out, in the instant case the insurance company by its policy has a claim against the insured for the balance of the deferred payment, and the insured has obligated himself to pay it.

For the reasons assigned, the judgment of the Court of Appeal for the Parish of Orleans affirming in each case the judgment of the district court is reversed and set aside, and it is now ordered that plaintiff-respondent's suits be dismissed at its cost.